Mr. Dennis C. Jones 3022 Louisiana Little Rock, AR 72206
Dear Mr. Jones:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq, as amended by Act 1653 of 2001. You have submitted your requests pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General.
You indicate in your request that a sports reporter for the Democrat Gazette has submitted various FOIA requests to the Little Rock School District's custodian of records. The reporter's intention in making these requests appears to be to research possible improprieties in the conduct of athletic programs within the Little Rock School District. Attached to your request for my opinion are various records relating to your employment that the custodian apparently intends to disclose in response to the reporter's request. You have asked me to review this material to determine its disclosability, particularly in light of A.C.A. §25-19-105(b)(12), which exempts from inspection "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
The FOIA generally provides for the disclosure upon request of "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1), as amended by Act 1653 of 2001. Given that you are a coach at a public high school, and as such a public employee, I believe your files clearly qualify as "public records" under this definition.
As I noted most recently in Ark. Op. Att'y Gen. No. 2001-122:
 If records fit within the definition of "public records" under A.C.A. § 25-19-103(1), they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)(10) [now A.C.A. § 25-19-105(b)(12)]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
As reflected in the passage just quoted, if a document is a "personnel record," as opposed to an "employee evaluation or job performance record," it must be released unless its disclosure would constitute a "clearly unwarranted invasion of personal privacy." The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2001-112, 94-198, 94-178 and 93-055; Watkins, supra at 126. In Opinion No. 99-305, my predecessor offered the following analysis of this issue:
 The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice,308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998).
In my opinion, several of the documents you have provided with your request qualify as "personnel records" under the definition set forth above. Specifically, the records include several apparently unsolicited complaints against you by a student and her mother. This office has consistently found that unsolicited complaints about employees constitute personnel records, not employee evaluation or job performance records.See, e.g., Ark. Ops. Att'y Gen. Nos. 2001-141; 2001-123; 2000-231; 2000-058 and 2000-203.
The question, then, is whether the public's interest in accessing these three complaints outweighs your interest in keeping them confidential. In my opinion, the public's interest in monitoring the conduct of school athletic programs is considerable — a fact that doubtless accounts for the reporter's undertaking his investigation in the first place. I consider this interest even stronger when the matter at issue is the interaction with students of a public authority figure. Under the Young
standard discussed above, I believe this interest clearly outweighs your individual interest in avoiding potential embarrassment. Accordingly, I believe the custodian should allow inspection of these documents.
However, I do not believe the documents should be disclosed unredacted. The student's complaint is signed, and the several complaints filed by the mother identify the student and her siblings by name. I believe the custodian should redact all of these names, including the mother's, before releasing the complaints unless the students (or their parents, if the students are under the age of eighteen) consent to disclosure. This question implicates the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), which generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). FERPA broadly defines the term "education records" as "records, files, documents and other materials which . . . contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A). Although FERPA does contain some exceptions to its confidentiality requirements, the complaint documents that you have described do not fall within any of the exceptions.
In order to tailor the FOIA to FERPA, Act 1653 of 2001 amended A.C.A. §25-19-105 to read as follows:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
Accordingly, I conclude that under the provisions of FERPA as applied through the FOIA, the students' names should be redacted before these complaints are released, unless the custodian has obtained the appropriate consents. See Ark. Op. Att'y Gen. No. 2001-123.
The record you have provided contains three other documents comprising correspondence among you and various school district officials. In my opinion, these documents qualify as "employee evaluation or job performance records." Professor Watkins offers the following summation of the law regarding the scope of documents falling under this designation:
 The term "job performance record" has been interpreted by the Attorney General to mean any record that "details the performance or lack of performance" of an employee, within the scope of his employment, regarding "a specific incident or incidents." This definition covers a variety of records, including written reprimands and letters of caution, documents on which a recommendation for dismissal was based, a request for a grievance hearing that contained the employee's rebuttal of the reasons advanced for his termination, letters recommending termination or suspension, records created in connection with investigations into alleged employee misconduct, letters of commendation, records related to promotion or demotion, and records of disciplinary action.
Watkins, supra at 142 (footnotes omitted). In my opinion, this definition describes precisely the sorts of documents you have supplied me.
Employee evaluation and job performance records are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The documents you have enclosed fail to establish whether the first two of these conditions have been met. If they have, the custodian will need to determine whether a "compelling public interest" exists in disclosure. The FOIA at no point defines the phrase "compelling public interest." However, Professor Watkins has provided some guidelines for making the factual determination whether such an interest exists. He states, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, supra at 146. He further observes: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. Elaborating on this point, Watkins remarks: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins additionally notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In applying this standard, I am guided in part by several factors. First, as is evident in reviewing the reporter's FOIA requests, the Democrat-Gazette is clearly engaged in researching what it suspects is a widespread pattern of misconduct in the Little Rock School District's athletic programs. In my opinion, the public has a strong interest in determining whether such misconduct has occurred. Moreover, even though your "rank within the bureaucratic hierarchy" was apparently not that of a supervisor over other employees, you held an important position of influence over students during a period of their lives when they were perhaps most emotionally vulnerable. In my opinion, the public's interest in reviewing the conduct of an individual charged with the guidance and training of students is clearly compelling. Assuming, then, that you have exhausted any available administrative appeals of a suspension or termination proceeding, and further assuming the described documents formed a basis for the decision to suspend or terminate you, I believe the custodian should disclose these documents. However, as with the complaints discussed above, I believe the custodian should redact the names of all students and their parents.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh